IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| IN RE: THE FORECLOSURE BY DAVID A. SIMPSON, P.C., SUBSTITUTE TRUSTEE, OF A DEED OF TRUST EXECUTED BY THOMAS CLAYTON AND GAIL CLAYTON, DATED APRIL 22, 2003 AND RECORDED ON MAY 15, 2003, IN BOOK NO. 1870, AT PAGE 513 OF THE ALAMANCE COUNTY PUBLIC REGISTRY | ) ) ) ) ) ) ) ) ) ) | |
| BRANCH BANKING AND TRUST, DAVID A. SIMPSON, P.C., and JOHN DOES 1-10, | ) ) ) ) | 1:11CV783 |
| Petitioners, | ) ) | |
| v. | ) ) | |
| GAIL CLAYTON and THOMAS CLAYTON, | ) ) ) | |
| Respondents. | ) | |

MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Thomas and Gail Clayton, proceeding *pro se*, removed this state court residential foreclosure action from Alamance County Superior Court in Burlington, North Carolina, to this Court on September 23, 2011. The holder of the note and deed of trust, Branch Banking and Trust Co. (BB&T), and the Substitute Trustee, David A. Simpson, P.C., have filed a Motion to Remand this action to state court [Doc. #10] and a Motion to Dismiss [Doc. #13].[1] The

---

[1] The movants have noted that they were unsure whether to treat the Claytons' filing in this Court [Doc. #1] as a notice of removal or a civil complaint. The Court construes the filing as a Notice of Removal because it was specifically captioned as a "Removal of Pending State Court Proceedings to Federal Court Pursuant to U.S.C.A. § 1446(b)," with the state court documents attached. This Court will therefore address the Motion to Remand.

Claytons have filed a Motion for Default Judgment [Doc. #12] and Motion for Summary Judgment [Doc. #21]. For the reasons set forth below, this Court recommends that this action be remanded to state court.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

The state court action (No. 10-SP-894) was filed by the substitute trustee, David A. Simpson, P.C., to foreclose upon a deed of trust and note executed by the Claytons and held by BB&T and to sell the home and property securing the note. The property is located at 416 Benjamin Court, Burlington, N.C. The Claytons' Petition for Removal is captioned as a "Violation of the Fourteenth Amendment Right to Property, United States Constitution," and "Removal of Pending State Court Proceedings to Federal Court Pursuant to [sic] U.S.C.A. § 1446(b)." (Pls.' Pet. for Removal [Doc. #1] at 1.) The Claytons claim that removal is appropriate because they are raising a constitutional issue. They argue that their Fourteenth Amendment rights are being violated because "defendants," apparently referring to BB&T, Trustee Simpson, and John Does (holders of the original note), "refuse to hear and respond to proof" that the Claytons were never in default on their loan. (Id. at 3.) The Claytons contend that their property is being taken without due process. (Id. at 4.) They seek relief in the form of injunctive and declaratory relief "directing the state superior court to adjudicate in fairness and equity" if the case is remanded. (Id.)

The state court documents attached to the Petition for Removal show that by Order dated September 13, 2011, ten days prior to the filing of the Petition in this Court, the state clerk of court found that the substitute trustee could proceed with a sale of the property. The records

also show that on that same day, Gail Clayton gave notice of appeal, and the matter was transferred to the Superior Court. (Id. Ex. 16.) The foreclosure sale has apparently not yet occurred. (Defs'. Mem. in Supp. of Mot. for Remand [Doc. #9] at 2.)

DISCUSSION

In their Motion to Remand, BB&T and Trustee Simpson argue that this action should be remanded to state court pursuant to 28 U.S.C. § 1447. (Defs'. Mem. in Supp. of Mot. for Remand [Doc. #9].) They contend that this Court lacks subject matter jurisdiction, and that the removal was not timely. (Id.)

In general, civil actions may be removed only if the federal court has original jurisdiction over the claims. 28 U.S.C. § 1441(a) ("[A]ny civil action . . . of which the district courts of the United States have original jurisdiction, may be removed"). The burden of showing that the Court possesses jurisdiction supporting removal is on the removing party. McPhatter v. Sweitzer, 401 F. Supp. 2d 468, 472 (M.D.N.C. 2005). The Court strictly construes removal jurisdiction, and Section 1447(c) states in part that if at any time it appears that the district court lacks subject matter jurisdiction, "the case shall be remanded." 28 U.S.C.A. § 1447(c) (West 2006 & Supp. 2012).

In this case, the Claytons contend that "federal question" jurisdiction exists because the foreclosure proceedings violated their rights under the Fourteenth Amendment to the Constitution. With respect to federal question jurisdiction under 28 U.S.C. § 1331 (2006), "Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal

law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Here, the action sought to be removed is a foreclosure action which arises under state law, not federal law. See Rogers Townsend & Thomas PC v. Boehm, No. 1:12CV163, 2012 WL 3155581 (W.D.N.C. August 2, 2012); City of Durham v. Wadsworth, No. 1:08CV425, 2009 WL 186174 (M.D.N.C. Jan. 23, 2009). The attempt by the Claytons to raise as a defense an alleged violation of their right to due process under the Fourteenth Amendment is insufficient to confer federal question jurisdiction. In re Blackwater Sec. Consulting, LLC, 460 F.3d 576, 584 (4th Cir. 2006) ("[A]ctions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question."). Because the Court does not have subject matter jurisdiction, this action should be remanded to the Alamance County Superior Court pursuant to 28 U.S.C. § 1447(c).

Having concluded that this Court lacks subject matter jurisdiction in this action and that the case should be remanded to state court, all remaining pending motions should be denied.

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that the Motion to Remand [Doc. #10] filed by BB&T and David A. Simpson, P.C. be granted, and that this action be remanded to the Alamance County, North Carolina, Superior Court.

IT IS FURTHER RECOMMENDED that the Motion to Dismiss filed by BB&T and David A. Simpson, P.C. [Doc. #13] be denied as moot.

IT IS FURTHER RECOMMENDED that the Claytons' Motion for Default Judgment [Doc. #12] and Motion for Summary Judgment [Doc. #21] be denied without prejudice in light of the remand.

This, the 12th day of September, 2012.

                                                /s/ Joi Elizabeth Peake
                                                United States Magistrate Judge